U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG - 2 2016

CLERK, U.S. DISTRICT COURT
By _____
     Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KEVIN LUCKY, §
 §
　　　　Plaintiff, §
 §
VS. § NO. 4:16-CV-060-A
 §
SOUTHWEST CREDIT SYSTEMS, §
 §
　　　　Defendant. §

MEMORANDUM OPINION
and
ORDER

Now before the court is the motion for summary judgment filed in the above-captioned action by defendant, Southwest Credit Systems. Plaintiff, Kevin Lucky, did not file a response. The court concludes that the motion should be granted.

I.

Background

Plaintiff initiated this action on January 25, 2016, by the filing of an original complaint before the court. On July 6, 2015, plaintiff discovered that defendant placed an entry on his credit report indicating that he was in default on a Comcast account. Doc.[1] 1 at 2 & Ex. A. Plaintiff alleges he was not notified thirty days prior to an entry being placed on his credit report. Doc. 1 at 4. Plaintiff alleges that around December 2,

---

[1] The "Doc. _" references are to the numbers assigned to the referenced documents on the docket of this case, No. 4:16-CV-060-A.

2015, he sent plaintiff a "Notice of Administrative Remedy" and "Identity Theft-Fraud Alert Notice" and requested that defendant validate his debt. Doc. 1 at 2-3. It appears that at least some of plaintiff's claims are based on defendant's failure to respond to his December 2, 2015 notice. Doc. 1 at 2-3. Plaintiff also sent defendant a letter around January 4, 2016. Doc. 1 at 3.

Plaintiff asserts claims for violations of the Federal Debt Collection Practices Act "FDCPA", Fair Credit Reporting Act "FCRA", defamation, and negligence. Doc. 1 at 3-5.

B.  The Summary Judgment Motion

Defendant argues that it is entitled to summary judgment as to all of plaintiff's claims. Defendant sets forth evidence that it began collection activities for Comcast in February 2015 and on February 15, 2015, mailed a letter notifying plaintiff of his rights under the FDCPA. Doc. 22 at Ex. C. On September 14, 2015, Comcast contacted defendant and requested that defendant close and return plaintiff's account. Doc. 22 at 4. On September 21, 2015, defendant submitted an account deletion to credit reporting agencies regarding the debt they were collecting for Comcast. Doc. 22 at Ex. B at App. 005. Following the receipt of plaintiff's two letters, on January 23, 2016, defendant sent plaintiff a letter explaining that his account was recalled by Comcast and that defendant had previously submitted a deletion

2

request to credit reporting agencies and that it was again submitting a deletion request to credit reporting agencies. Doc. 22 Ex. D. Defendant contends that it acted within the relevant guidelines of the FDCPA and FCRA. In addition, defendant argue that plaintiff can adduce no evidence to prove any of his claims and that there is no genuine dispute of material fact as to any of plaintiff's claims.

II.

Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried its burden under Rule 56(a), the

nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also FED. R. CIV. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law. Celotex, 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict).

4

III.

Analysis

Plaintiff does not make clear how defendant violated his rights under the FDCPA or FCRA or how defendant defamed or was negligent as to plaintiff. It appears that defendant claims that plaintiff did not send a notice that defendant was in default. Doc. 1 at 3-4. Plaintiff has adduced evidence showing that such notice was given. Doc. 22 at Ex. C.

In addition, it appears plaintiff is alleging that defendant had to respond to his notice sent around December 2, 2015, within thirty days. Doc. 1 at 2-3. Plaintiff has pointed to no authority, and the court is aware of none, that requires defendant to respond to letters such as the letter plaintiff sent on December 2, 2015, within thirty days. At the time plaintiff sent the December 2, 2015 letter, defendant was no longer collecting plaintiff's debt to Comcast. Doc. 22 at Ex. B at App. 005. Furthermore, defendant had already asked the credit reporting agencies to delete collection activities by defendant related to plaintiff's Comcast bills. Doc. 22 at Ex. B at App. 005 & Ex. D. In response to plaintiff's letters, defendant made a second request to credit reporting agencies to delete collection activities. Doc. 22 at Ex. D.

Plaintiff also points to alleged false information provided

by defendant and that there was no contract between plaintiff and defendant for defendant to collect the debt. However, plaintiff gives no explanation as to these conclusory allegations.

The court is satisfied that defendant has shown that there is no issue of material fact as to plaintiff's claims. Plaintiff has adduced no evidence to dispute the lack of a material fact issue.

## IV.

### Order

Therefore, for the reasons given above,

The court ORDERS that defendant's motion for summary judgment as to plaintiff's claims and causes of action against defendant be, and is hereby, granted; that plaintiff take nothing on his claims and causes of action against defendant; and that such claims and causes of action be, and are hereby, dismissed with prejudice.

SIGNED August 2, 2016.

JOHN McBRYDE
United States District Judge